UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRENDA BROWN,

      Plaintiff,                              Case No. 13-cv-14123

v.                                        HONORABLE STEPHEN J. MURPHY, III

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
                                          /

**ORDER ADOPTING REPORT AND RECOMMENDATION**
(document no. 12), **DENYING BROWN'S MOTION FOR SUMMARY JUDGMENT** (document no. 9), **GRANTING THE COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT** (document no. 11), **AND DISMISSING CASE**

      The Social Security Administration ("SSA") denied the application of Brenda Brown for disability insurance benefits and supplemental security income benefits in a decision issued by Administrative Law Judge ("ALJ") Regina Sobrino on April 25, 2012. *See* Administrative R. ("A.R.") 14–28, ECF No. 6-2. After the SSA Appeals Council declined to review the decision, Brown appealed. The Court referred the matter to Magistrate Judge Mona K. Majzoub, and the parties filed cross-motions for summary judgment. *See* Mots. Summ J., ECF Nos. 9, 11.

      Brown contended that the Commissioner erred as a matter of law in failing to properly evaluate the medical records evidence and thereby formed an inaccurate hypothetical that did not accurately portray Brown's impairments. Pl.'s Mot. Summ. J. 6, ECF No. 9. On November 4, 2014, the magistrate judge issued a Report and Recommendation ("Report") suggesting the Court deny Brown's motion and grant the Commissioner for Social Security's ("Commissioner") motion. Report, ECF No. 12. Neither party filed a timely objection to the Report.

The magistrate judge examined Brown's testimony, the medical evidence of record, and the vocational expert's testimony. The crux of Brown's argument is that the ALJ erred in determining Brown's residual functional capacity ("RFC"), and the erroneous RFC led the ALJ to pose improper hypotheticals to the vocational expert. Brown attacks the vocational expert's conclusion that, given all the factors, she would be able to perform certain jobs such as packager, assembler, and inspector. Pl.'s Mot. Summ. J. 9, ECF No. 9. The magistrate judge rejected the contention, and found that the ALJ's questions presented all of the limitations included in Brown's RFC. Report 7, ECF No. 12.

Civil Rule 72(b) governs review of a magistrate judge's report and recommendation. De novo review of the magistrate judge's findings is only required if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Nevertheless, because a district judge always retains jurisdiction over a motion after referring it to a magistrate judge, the Court is entitled to review the magistrate judge's findings of fact and conclusions of law on its own initiative. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985) (clarifying that while a district court judge need not review a report and recommendation "*de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard").

Because neither Brown nor the Commissioner filed objections, de novo review of the Report's conclusions is not required. Having reviewed the Report's analysis, in light of the record, the Court finds that its conclusions are factually based and legally sound. Accordingly, it will adopt the Report's findings, deny Brown's motion for summary judgment, grant the Commissioner's motion for summary judgment, and dismiss the case.

Additionally, the Court acknowledges the magistrate judge's conclusion that Brown's argument was completely lacking in substance. Brown's argument is "limited to several pages of legal standards and a few vague references to her own testimony." *Id.* Brown did not discuss "why she believes the ALJ erred, what medical records or opinions or evidence the ALJ failed to properly consider, or what additional impairments the ALJ allegedly failed to include in his hypothetical questions to the VE." *Id.* Brown's counsel, as the magistrate judge pointed out, has previously submitted almost identical briefs in other social security appeals. Chief Judge Gerald E. Rosen, in *Fielder v. Comm'r Soc. Sec.*, No. 13-10325, 2014 WL 1207865, at *1 n.1 (E.D. Mich. Mar. 14, 2014), compiled a list of six previous Social Security cases—each heard by a different magistrate judge within this district—in which Brown's counsel was admonished for failing to develop arguments or substantiate claims made. Because this appeal was filed on September 26, 2013, before Chief Judge Rosen's *Fielder* opinion, the Court agrees with the magistrate judge that an award of sanctions against Brown's counsel would be inappropriate. But the Court adopts Chief Judge Rosen's position that, for motions filed after March 14, 2014, failure to adhere to the accepted rules of civil practice will result in the imposition of sanctions and potential disciplinary proceedings. *Id.*

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the magistrate judge's Report and Recommendation (document no. 12) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Brown's Motion for Summary Judgment (document no. 9) is **DENIED**.

3

**IT IS FURTHER ORDERED** that the Commissioner's Motion for Summary Judgment (document no. 11) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: November 24, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 24, 2014, by electronic and/or ordinary mail.

s/Carol Cohron
Case Manager